UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  12-23026-CIV-MORENO

SERGEJ TEWS,

      Plaintiff,

vs.

LUIS VALDEON,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE PUNITIVE DAMAGES, AND GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Amended Complaint **(D.E. No. 10)**, filed on **October 17, 2013**.

THE COURT has considered the motion, response, reply, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. Likewise, Defendant's Motion to Strike Plaintiff's claim for punitive damages is likewise DENIED. However, Defendant's Motion to Strike Plaintiff's claim for attorney's fees is GRANTED.

## I. Background

In early 2007, the Plaintiff and Defendant in this case entered into an agreement to form Defendant Florida Discount Properties. The agreement was not reduced to writing. Under the agreement, Plaintiff Sergej Tews and Defendant Luis Valdeon formed Florida Discount Properties for the purposes of buying distressed real estate at foreclosure sales, fixing up the properties, and

selling them for a profit. Under the agreement, Tews would provide the capital to purchase the properties, either individually or through one of his two corporations, Plaintiffs Precision Private Investments Corp. or Avalanche Financial Group, and Valdeon would provide the subject matter and management expertise necessary to identify target properties, restore them, and sell them at a profit. According to the Complaint, the initial investments would be returned, and Tews and Valdeon would split the profits 50-50. Similarly, Valdeon would from time to time solicit outside investors. The outside investors would advance 75% of the purchase price of the property, with Florida Discount advancing 25%. Florida Discount would split the profits with the investor 50-50%. Tews and Valdeon would then split Florida Discount's property equally between themselves. In the Amended Complaint, Plaintiff states that "[t]he parties made no agreement as to the time for return of capital from the corporation, other than that it would take place upon demand.

According to the Complaint, Plaintiff Tews, acting through the Plaintiff Corporations, provided $400,000 in capital to Florida Discount between February 22, 2007 and May 11, 2007. The Plaintiff provided $100,000 on February 22, 2007; $50,000 on March 5, 2007; $100,000 on April 10, 2007; $50,000 on April 18, 2007; and $100,000 on May 11, 2007. On July 19, 2007, Defendant returned $250,000 to Plaintiff Tews.

On September 30, 2008, Plaintiff Tews was arrested on an unrelated matter. He left the country in 2011. On or around July 29, 2011, Tews demanded the return of the remaining $150,000 capital, plus an accounting and return of profits that had allegedly been withheld.

Tews filed his original Complaint on **August 20, 2012.** Tews amended his Complaint on October 2, 2012. The Amended Complaint alleged five counts against Valdeon: (1) Breach of Fiduciary Duty (2) Conversion, (3) Unjust Enrichment, (4) Civil Theft, and (5) Constructive Trust.

-2-

There are no claims against Florida Discount, and Tews did not make an effort to get the FDP board of directors to approve asserting the claims because, he argued, "such effort would be a futile ritual."

Valdeon filed a Motion to Dismiss on **October 17, 2012**. He argued that the entire complaint should be dismissed as it is barred by the statute of frauds. The Motion further argues that Counts 1-4 are barred by the statute of limitations. The Motion further argues that Counts 1,2, and 4 are barred by the Economic Loss Rule. The Motion finally argues that Plaintiff's claims for Punitive Damages and Attorney's Fees should be stricken. In his Response, Plaintiff withdrew the request for attorney's fees.

## II. Analysis

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal,* 129 S. Ct. at 1950.

## A. The Contract Falls Outside the Statute of Frauds

Defendant argues first that Plaintiff's claims are barred by the statute of frauds. Plaintiff argues that the statute of frauds is inapplicable to its claims, because they are all non-contract remedies. While Plaintiff's argument does not hold the day, this Court should deny Defendant's motion to dismiss.

The Statute of Frauds in Florida provides that:

> No action shall be brought . . . upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

Fla. Stat. § 725.01. The general rule in Florida is that "when . . . no definite time was fixed by the parties for the performance of their agreement, and there is nothing in its terms to show that it could not be performed within a year according to its intent and the understanding of the parties, it should not be construed as being within the statute of frauds." *Yates v. Ball*, 181 So. 341, 344 (Fla. 1937). However, courts recognize an exception that

> [W]hen no time is agreed on for the complete performance of the contract, if from the object to be accomplished by it and the surrounding circumstances, it clearly appears that the parties intended that it should extend for a longer period than a year, it is within the statute of frauds, though it cannot be said that there is any impossibility preventing its performance within a year.

*Id.* "Contracts for an indefinite period generally do not fall within the statute of frauds." *Browning v. Poirier*, 113 So.3d 976, 978 (Fla. Dist. Ct. App. 2013).

The statute of frauds applies to claims for unjust enrichment where the unjust enrichment arose from the alleged contract. *Browning v. Poirier*, 113 So.3d at 980 ("a party whose contract is unenforceable due to the statute of frauds cannot recover for unjust enrichment, as the law will not

imply a contract where an express contract exists regarding the same subject matter."). Where a plaintiff provides no evidence that the conversion occurs outside of the unenforceable contract, a claim for conversion is barred by the statute of frauds. *Saeme v. Levine*, 502 Fed.Appx. 849, 853 (11th Cir. 2012). Claims for breach of fiduciary cannot survive a motion to dismiss for statute frauds where the claims are "merely repackaged claims for breach of an oral contract." *B&C Investors, Inc., v. Vojak*, 79 So.3d 42, 47 (Fla. Dist. Ct. App. 2011). Florida Courts statute of frauds does not bar an imposition of a constructive trust. *Guest v. Claycomb*, 932 So.2d 567, 570 (Fla. Dist. Ct. App. 2006). Nevertheless, a "constructive trust is not a traditional cause of action; it is more accurately described as an equitable remedy." *Collinson v. Miller*, 903 So.2d 221, 228 (Fla. Dist. Ct. App. 2005). Thus, a constructive trust is "a remedy . . . that must be imposed based upon an established cause of action." *Id.*

This contract does not fall under the statute of frauds. The design of the alleged contract was that Tews would provide the capital and Valdeon would purchase, rehabilitate, and flip distressed real estate. Capital would be returned "on demand." Thus, this is a contract for "an indefinite period." It cannot be said that, based on the "object to be accomplished," the parties clearly intended for this to last beyond one year. Flipping a house or houses is something that can be done in a matter of months. Indeed, a majority of the payments Plaintiff made between February and May were returned to him in July. This case is clearly distinguishable from *Dwight v. Tobin*, 947 F.2d 455 (11th Cir. 1991). In that case, the parties' partnership's business was the "purchase and development of properties throughout the country . . . and the contract under consideration . . . involved a long-term development scheme that would take a great deal of time to accomplish.' *Dwight v. Tobin*, 947 F.2d 455, 459 (11th Cir. 1991). In *Dwight*, the 11th Circuit affirmed the District Court in holding that the

contract fell within the statute of frauds. *Id.*

Based on the above precedent, this is a close case. However, because of the clear directive to read contracts for an indefinite time as falling outside the statute of frauds, this case should not be dismissed. It does not appear from the facts that the parties clearly intended that the partnership would last longer than a year, and thus dismissing under the statute of frauds would not be appropriate.

## B. The Statute of Limitations does not Bar Plaintiff's Claims

Defendant has argued that Plaintiff's case is barred by the relevant Statutes of Limitations. Defendant's arguments are misplaced.

Regarding each of Counts 1-4, Defendant's factual arguments are essentially the same: Plaintiff made his final payment on May 11, 2007, and Defendant made its last return of capital to Plaintiff on July 19, 2007. Thus, Defendant argues that the claims arose at the latest at the time Defendant made the return of capital in the amount of $250,000 on July 19, 2007. Because Plaintiff filed his Complaint on August 20, 2012, he is barred by the relevant statutes of limitations, which were either 4 or 5 years.

The statute of limitations for a claim for breach of fiduciary duty is four years. Fla. Stat. § 95.11(3)(o); *Goodwin v. Sphatt*, 114 So.3d 1092, 1094 (Fla. Dist. Ct. App. 2013). Similarly, the statute of limitation for conversion and unjust enrichment is also four years. Fla. Stat. § 95.11(3)(k); *Xavier v. Leviev Boymelgreen Marquis Developers, LLC*, 117 So.3d 773, 775 (Fla. Dist. Ct. App. 2012). The statute of limitations for claims for civil theft is five years. Fla. Stat. § 772.17. "A cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. § 95.031(1).

Defendant claims that, at the latest, the Plaintiff's causes of action arose on July 19, 2007.

Plaintiff, meanwhile, contends that, at the earliest, Plaintiff's cause of action accrued on September

30, 2008, when Plaintiff was arrested and when, sometime after that date, Defendant allegedly took

the remaining $150,000 owed to Plaintiff from Florida Discount and paid it to himself. Limiting

itself to the four corners of the Complaint, as the Court must do at this stage, the Court disagrees

with Defendant's timeline. *See Kelly v. Lodwick*, 82 So.3d 855, 858 (Fla. Dist. Ct. App. 2011). "A

cause of action accrues when the last element constituting the cause of action occurs." Fla. Stat. §

95.031(1). In other words, the cause of action accrues when the Defendant acted in a manner that

was harmful to the Plaintiff and Plaintiff was damaged; it does not, as Defendant seems to contend,

retroactively accrue to the moment immediately following the last time the Defendant acted in a

manner beneficial to the Plaintiff. According to the Complaint, Plaintiff's capital was to be repaid

"upon demand." Plaintiff has made no allegation that he demanded a return of all his capital at that

time. Rather, he has alleged that the $250,000 returned on that date by Defendant was a return of the

first three payments. Simply put, there is nothing in the pleadings to support Defendant's contention

that Plaintiff was in any way damaged on July 19, 2007.

Defendant further argues that the Complaint should be dismissed because Plaintiff did not

state with specificity the date when Defendant allegedly converted the funds. Indeed the complaint

alleges that Defendant paid himself the money sometime between September 30, 2008 and 2011.

Defendant claims that this large date range means that the Complaint must be dismissed as a matter

of law. The Court notes that the earliest date alleged in the range, September 30, 2008, falls within

the statute of limitations for all claims. Further, to the extent the Complaint is unclear on the exact

date of the wrongful conduct, this uncertainty is helpful, not harmful, to the Plaintiff. *See Goodwin*

*v. Sphatt*, 114 So.3d at 1094 ("Because the facts as alleged do not conclusively show that the claims are barred, the trial court erred in granting the motion to dismiss these claims.").

Defendant finally argues that Plaintiff's use of the September 30, 2008 as the date when the cause of action accrued because Plaintiff did not have a good faith basis for making allegations into Defendant's state of mind. Defendant's state of mind, and Plaintiff's good faith belief regarding Defendant's state of mind, are not relevant. Defendant has provided no support for the contention that the Plaintiff lacks a good faith belief that the wrongful conduct occurred after September 30, 2008. Thus, the statute of limitations does not bar Plaintiff's claims.

## C. The Economic Loss Rule does not Apply to this Case

Defendant further argues that the Plaintiff's claims are barred by Florida's economic loss rule. The Florida Supreme Court has recently held that "the economic loss rule applies only in the products liability context." *Tiara Condominium Ass'n, Inc. v. Marsh & McLennan, Cos., Inc.*, 110 So.3d 399, 407 (Fla. 2013). This case is not a products liability case. The economic loss rule does not apply.

## D. Plaintiff Has Properly Pled His Claims for Punitive Damages

Defendant asks this Court to strike Plaintiff's request for punitive damages. Defendant cites Fla. Stat. § 768.72 as support. Under Fla. Stat. § 768.72 " no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a basis for such damages." Fla. Stat. § 768.72.

This Court is not bound by Fla. Stat. § 768.72. The 11th Circuit has held that § 768.72 requirement that a plaintiff must seek the court's permission to file a claim for punitive damages is inapplicable in federal court. *Cohen v. Office Depot Inc.*, 184 F.3d 1292, 1299 (11th Cir. 1999) (*vacated on other grounds* 204 F.3d 1069 (11th Cir. 2000)). Under the Supreme Court's decision in *Hanna* this Court must determine whether the state law conflicts with a federal procedural rule. *See*

-8-

*Hanna v. Plumer*, 380 U.S. 460 (1965). Fed. R. Civ. P. Rule 26 governs discovery. § 768.72 financial worth restricts conflict with Rule 26's application of a broad and liberal discovery regime. *Gottwald v. Producers Group I, LLC*, 2013 WL 1776154 (S.D. Fla. Apr. 25, 2013) (Matthewman, Magistrate J.); *see also Marlborough Holdings Group v.Pliske Marine, Inc.*, 2010 WL 4054262 at *2 (S.D. Fla. October 15, 2010) (Garber, J) (holding that, because *Cohen* rendered the requirement to seek leave of court to file punitive damages inapplicable in federal court, the terms of § 768.72, in conjuction with *Cohen*, authorize financial worth discovery in federal court). It may well be that Defendant will be able to prevail on the issue of punitive damages, but such a determination must be made after discovery. Defendant's Motion to Strike Plaintiff's claims for punitive damages is thus DENIED.

### E. Plaintiff's Claims for Attorney's Fees are Stricken

Finally, Defendant moved to strike Plaintiff's claims for attorney's fees in Counts 1 and 2. In its response, Plaintiff withdrew the claim for attorney's fees. Defendant's Motion is thus GRANTED.

## III. Conclusion

Defendant's Motion to Dismiss is DENIED. Defendant's Motion to Strike claim for punitive damages is DENIED. Defendant's Motion to strike claim for attorney's fees is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 23rd day of September, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record